

**SIGNED this 1 day of March, 2021.**

*James P. Smith*
**James P. Smith**
**Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-50698-JPS |
| | ) | CHAPTER 7 |
| MARK T. CHURCHWELL, | ) | |
| DEBTOR | ) | |
| | ) | |
| WALTER W. KELLEY, TRUSTEE, | ) | |
| PLAINTIFF | ) | |
| vs. | ) | ADVERSARY PROCEEDING |
| | ) | NO. 20-5014 |
| MIDSOUTH COMMUNITY FEDERAL | ) | |
| CREDIT UNION, | ) | |
| DEFENDANT | ) | |

BEFORE

James P. Smith
United States Bankruptcy Judge

APPEARANCE:

    For Defendant:    Arthur L. Phillips
    Phillips and Phillips
    843 Poplar Street
    Macon, GA 31201

    For Plaintiff:    Thomas D. Lovett, III
    Kelley, Lovett, Blakey & Sanders, P.C.
    Post Office Box 1164
    Valdosta, GA 31603-1164

## MEMORANDUM OPINION

Plaintiff, Walter W. Kelley ("Trustee"), filed this adversary proceeding, seeking to avoid the security interest of Defendant Midsouth Community Federal Credit Union ("Midsouth") in Debtor's interest in a 2017 Ford F-150 which Debtor co-owns with a non-debtor. Trustee contends that the transfer of the security interest constitutes an avoidable preferential transfer under 11 U.S.C. § 547(b).

Trustee has filed a motion for summary judgment. As Trustee establishes in his motion and brief, all of the elements of section 547(b) have been established. Midsouth's reliance on O.C.G.A. § 44-2-4 is misplaced. That code section protects good faith purchases of property from devisees against unrecorded liens created by the deceased person and is inapplicable to the facts of this case.

Midsouth argues that there is an issue of fact with respect to Debtor's solvency. However, pursuant to section 547(f), Debtor was presumed to be insolvent when the security interest was transferred. Further, the record in this case establishes that Debtor was, in fact, insolvent at that time. The statement by Midsouth's loan officer in his affidavit that Debtor was solvent does not create an issue of fact. As to individual debtors, "insolvency", for purposes of the Bankruptcy Code, means the debtor's liabilities exceed the fair value of the debtor's assets. 11 U.S.C. § 101(32)(A). The loan officer testified in his affidavit that he examined Debtor's income and income to debt ratio. He does not testify that he examined Debtor's assets. Therefore his testimony as to Debtor's solvency is not based on personal knowledge and is insufficient to create an issue of fact. Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005).

(Affidavits not based on personal knowledge are insufficient to withstand a motion for summary judgment.)

There are no genuine disputes as to any material facts. Accordingly, Trustee's motion is granted.

*END OF DOCUMENT*